IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CHARLES MAY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:19-cv-173-MHT-SRW |
| | ) |
| **CITY OF UNION SPRINGS,** | ) |
| | ) |
| **Defendant.** | ) JURY DEMAND |

## COMPLAINT

COMES NOW, Charles May, and files this complaint against the City of Union Springs for relief under Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12101, et seq., and, in support of said Complaint, avers as follows:

### JURISDICTION

1. This Honorable Court has jurisdiction of this case under 28 U.S.C. §1331 because it involves a federal question, and under 28 U.S.C. §1343 because it involves an issue of the civil rights of the plaintiff.

### PARTIES

2. Charles May., "Plaintiff", is an Alabama resident residing in Bullock County, Alabama.

3. City of Union Springs, "Defendant", is a municipality located in Bullock County, Alabama which employs more than fifteen (15) persons full time and who is an employer withing the meaning of the ADA and the ADAAA.

-1-

## FACTS GIVING RISK TO CAUSES OF ACTION

4. In or about November of 2010, Defendant hired Plaintiff to a position as a Police Officer.

5. On or about November 24, 2014, while acting within the line and scope of his employment, Plaintiff was struck by a vehicle causing severe injuries to his person, primarily his right knee and right shoulder.

6. Plaintiff, as a result of his injuries, has had numerous surgeries and undergone rehabilitative and therapeutic treatment in order for Plaintiff to regain his ability to work.

7. Plaintiff's employment was threatened with termination by the Mayor of Union Springs "as soon as the doctor says [Plaintiff is] disabled."

8. In early November of 2017, Defendant offered Plaintiff light duty work prior to Plaintiff being cleared to work.

9. Plaintiff informed Defendant that he was unable to perform the requirements of the light duty work at that time as his doctor had not cleared him to perform the functions of the position offered to the Defendant.

10. Plaintiff advised that he wanted to work, but Defendant refused to participate in the accommodation process.

11. Defendant then formally terminated Plaintiff from his employment with Defendant on November 6, 2017.

12. Subsequent to the termination, Plaintiff was able to receive doctor's clearance to

return to work and began seeking work immediately.

13. Ultimately, Plaintiff was hired by the Bullock County Sheriff's Department on December 3, 2018, although at a $3.15 lower pay rate than when he was terminated by the Defendant.

14. Plaintiff has exhausted all available remedies prerequisite to the bringing of this lawsuit. He filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC") in May of 2018 and the EEOC issued a right to sue letter on December 14, 2018, a copy of which is attached hereto, marked "Exhibit A."

15. Plaintiff has initiated this action within 90 days of his receipt of the EEOC right to sue letter.

16. As a direct result and consequence of the Defendant's discriminatory actions, the Plaintiff has suffered loss of income, loss of retirement, loss of benefits, embarrassment, mental anguish and emotional distress.

## COUNT I

### DISCRIMINATORY DISCHARGE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

17. Plaintiff adopts and realleges paragraphs 1 through 16 above as if fully set forth herein.

18. Plaintiff is a qualified individual with a disability as anticipated by the ADA/ADAAA.

19. Defendant terminated Plaintiff because of his disability.

20. Plaintiff avers that Defendant, by terminating Plaintiff, has intentionally and

wilfully discriminated against him because of his disability in violation of the provisions of the ADA, as amended, 42 U.S.C. §12101, et seq.

21. As a direct result and consequence of the Defendant's discriminatory actions, the Plaintiff has suffered loss of income, loss of retirement, loss of benefits, embarrassment, mental anguish and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

A. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the ADA/ADAAA;

B. Grant Plaintiff a permanent injunction enjoining Defendant, its Agents, Successors, Employees, Attorneys and those acting in concert with Defendant or at Defendant's request from violating the ADA/ADAAA;

C. Grant Plaintiff an injunction requiring Defendant, its Agents, Successors, Employees, Attorneys and those acting in concert with Defendant or at Defendant's request to undergo training relating to the ADA/ADAAA and its application to the employment environment;

D. Grant Plaintiff an injunction requiring Defendant, its Agents, Successors, Employees, Attorneys and those acting in concert with Defendant or at Defendant's request to reinstate Plaintiff to the position which he would have had but for the Defendant's discriminatory actions and reinstate all benefits and pay

raises as if he had been continuously employed, or in the alternative, order the payment of reasonable front-pay;

E. Grant Plaintiff an Order requiring Defendant to make him whole by granting appropriate declaratory relief, backpay damages, compensatory damages (including damages for mental anguish), punitive damages, interest, attorneys' fees, expenses, costs; and

F. Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT II

### FAILURE TO ACCOMMODATE AND/OR PARTICIPATE IN THE ACCOMMODATION PROCESS IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

22. Plaintiff adopts and realleges paragraphs 1 through 21 above as if fully set forth herein.

23. Plaintiff is a qualified individual with a disability as anticipated by the ADA/ADAAA.

24. Because of what Defendant believed to be a disability, Defendant terminated Plaintiff's employment.

25. Prior to termination, Plaintiff sought an interactive dialogue with Defendant about accommodating the physical limitations and medical impairments which were precluding Plaintiff's employment with Defendant.

26. Defendant did not engage in any interactive dialogue with Plaintiff about an accommodation.

27. Defendant had the ability to pursue an individualized medical assessment of Plaintiff and his ability to work.

28. Defendant failed to provide Plaintiff with a effective accommodation.

29. Defendant's failure to accommodate Plaintiff has caused Plaintiff injury.

30. Defendant's actions were with a reckless disregard for the Plaintiff's federally protected rights.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

A. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the ADA/ADAAA;

B. Grant Plaintiff a permanent injunction enjoining Defendant, its Agents, Successors, Employees, Attorneys and those acting in concert with Defendant or at Defendant's request from violating the ADA/ADAAA;

C. Grant Plaintiff an injunction requiring Defendant, its Agents, Successors, Employees, Attorneys and those acting in concert with Defendant or at Defendant's request to undergo training relating to the ADA/ADAAA and its application to the employment environment;

D. Grant Plaintiff an injunction requiring Defendant, its Agents, Successors, Employees, Attorneys and those acting in concert with Defendant or at Defendant's request to reinstate Plaintiff to the position which he would have had

but for the Defendant's discriminatory actions and reinstate all benefits and pay raises as if he had been continuously employed, or in the alternative, order the payment of reasonable front-pay;

E. Grant Plaintiff an Order requiring Defendant to make him whole by granting appropriate declaratory relief, backpay damages, compensatory damages (including damages for mental anguish), punitive damages, interest, attorneys' fees, expenses, costs; and

F. Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

**PLAINTIFF DEMANDS TRIAL STRUCK BY JURY**

_____
Charles May
Plaintiff

_____
John G. Reeves (REE071)
Co-Counsel for the Plaintiff

_____
Matthew M. Baker (BAK077)
Co-Counsel for the Plaintiff

_____
Clifton Hastings (HAS014)
Co-Counsel for the Plaintiff

OF COUNSEL:
**CERVERA, RALPH, REEVES, BAKER & HASTINGS, LLC**
P.O. Box 325
Troy, Alabama 36081
(334) 566-0116